UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DEREK DEMEO,

                       Plaintiff,            1:07-CV-1275

     v.

JOSHUA KEAN; M.K. REYNER; DORIAN TUCKER;
PHLIP 'N SPILL, INC., Individually and doing business
as The Bayou Café,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

LUIBRAND LAW FIRM, PLLC              KEVIN A. LUIBRAND, ESQ.
Attorneys for Plaintiff
950 New Loudon Road
Latham, NY 12110

HON. ERIC T. SCHNEIDERMAN          CHARLES J. QUACKENBUSH, ESQ.
Attorney General of the                      Asst. Attorney General
  State of New York
Attorney for Defendants Kean and Reyner
Department of Law
The Capitol
Albany, NY 12224

LEMERY, GREISLER LAW FIRM, LLC      SCOTT R. ALMAS, ESQ.
Attorneys for Defendants Tucker and Phlip 'N Spill
50 Beaver Street, 2d Floor
Albany, NY 12207

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

     Plaintiff Derek DeMeo ("plaintiff" or "DeMeo") brings this action against the

defendants for violations of his federal and New York state constitutional rights and for

state tort claims arising from an altercation outside The Bayou Café located in Albany, New York, on December 10, 2006. The four defendants include New York State Police officers Joshua Kean ("Kean") and M.K. Reyner ("Reyner"), Phlip 'N Spill, Inc. ("Phlip 'N Spill"), and its employee Dorian Tucker ("Tucker").

Kean and Reyner have moved, pursuant to Federal Rule of Civil Procedure 60(b)(6), for partial reconsideration of the November 30, 2010, Memorandum-Decision and Order ("MDO") that granted in part and denied in part defendants' motion for partial summary judgment and granted plaintiff's cross-motion in limine. DeMeo opposes the motion for reconsideration, which was taken on submit.[1]

## II. **BACKGROUND**

It is assumed that the parties are familiar with the underlying facts as detailed in the MDO. See DeMeo v. Kean, et al., ___ F. Supp. 2d ___, 2010 WL 4852301, at *1–3 (N.D.N.Y. 2010). The current motion for reconsideration involves only the claims against Reyner that survived the motion for summary judgment. These claims include the section 1983 and pendent state claims for denial of due process and the section 1983 conspiracy claim. The MDO also granted plaintiff's cross-motion for spoliation sanctions against Reyner and Phlip 'N Spill but limited the sanction to an adverse jury instruction, the exact wording of which will be determined at trial.

---

[1] DeMeo argues that this motion is untimely because it was not filed within ten calendar days after the entry of the challenged judgment. However, a motion for reconsideration is governed by Local Rule 7.1(g), which requires the filing of such a motion "no later than FOURTEEN DAYS after the entry of the challenged judgment." N.D.N.Y. Local R. 7.1(g). The challenged judgment was filed on November 30, 2010, and defendants' motion for reconsideration was filed on December 13, 2010. The motion is therefore timely.

### III. DISCUSSION

The standard for granting a motion for reconsideration is strict and "should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The party seeking reconsideration must point to "matters . . . that might reasonably be expected to alter the conclusion reached by the court." Id. Generally, "[a] court may justifiably reconsider its previous ruling if: (1) there is an intervening change in controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." Delaney v. Selsky, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.). The present motion relies on the last prong of this test as Reyner maintains that the MDO inflicts manifest injustice upon him. It is argued that permitting DeMeo to claim that Reyner denied him access to the courts by dispersing potential witnesses and destroying evidence deprives Reyner of due process because he did not have a chance to defend against such allegations.

#### A. "Witness Dispersal" Claim

Reyner argues that the amended complaint did not include a claim that he violated DeMeo's due process rights by dispersing and failing to identify potential eyewitnesses. He maintains that to allow such a claim to go forward strips him of the opportunity to seek dismissal or summary judgment based on qualified immunity.

The MDO acknowledged that DeMeo's amended complaint did not explicitly outline a denial of access to the courts claim against Reyner. DeMeo, 2010 WL 4852301 at *7 n.2. However, the amended complaint clearly stated a due process claim and a conspiracy to deny due process claim against all defendants, including Reyner. Dkt. No.

5, ¶¶ 26(a) & 30. Although the Facts section of the complaint failed to put forth details of the incident, defendants were sufficiently aware of alleged conduct by the summary judgment stage of this case.[2] In their memorandum of law in support of partial summary judgment, Reyner and Kean acknowledged that plaintiff cited Reyner's dispersal of the crowd and failure to secure eyewitnesses as "proof of a conspiratorial intent to violate plaintiff's civil rights." Dkt. No. 82–1, at 8. Not only does this show that Reyner was aware of these allegations, it also shows that he had an opportunity to defend against such a claim. Indeed, the memorandum even includes an explanation for his actions, which were reportedly taken "to quell a disturbance" and not "for any reason other than safety." Id.

Reyner claims that the "addition" of this claim causes manifest injustice because he has no opportunity to seek summary judgment. However, the MDO analyzed this claim in light of the motion for summary judgment and it was determined that an issue of material fact remained as to why he dispersed the eyewitnesses. See DeMeo, 2010 WL 4852301 at *7–8. Thus, this matter has already been decided, and to allow him to again seek summary judgment of this specific claim would not alter the conclusion.

Reyner's assertion that Kampfer v. Vonderheide, 216 F. Supp. 2d 4 (N.D.N.Y. 2002), is analogous to the present matter is misplaced. The plaintiff in Kampfer claimed that an officer denied him access to the courts when he touched the "evidence" and, thereby, rendered it unusable for fingerprint analysis. The defendant officer, who picked firecrackers up off the ground while investigating a simple vandalism complaint, was granted summary judgment on the denial-of-access claim because there was no allegation

---

[2] It is noted that none of the defendants sought dismissal pursuant to 12(b)(6) despite the sparse factual allegations in the amended complaint.

that he acted maliciously or that the plaintiff suffered an actual injury.  Kampfer v. Vonderheide, 216 F. Supp. 2d 4, 7 (N.D.N.Y. 2002).  In contrast, Reyner reportedly threatened to arrest eyewitnesses—who had made comments related to "police brutality" and "Rodney King"—if they did not leave the scene.  The loss of these eyewitnesses' accounts directly impacts DeMeo's ability to prosecute his present claims with all material evidence and to defend against defendants' assertion that he contributed to his own injuries by stumbling into a wall.  As noted in the MDO, this presents an issue of material fact for the jury.  See, e.g., Sharp v. Town of Greece, No. 09-CV-6452, 2010 WL 1816639, at *6 (W.D.N.Y. May 3, 2010) (allegations that police officers covered-up an accident by destroying evidence, falsifying reports, and impeding the investigation were sufficient to state a denial-of-access claim under the Due Process Clause); Small v. City of New York, 274 F. Supp. 2d 271, 279 (E.D.N.Y. 2003) (allegation that officers intimidated witnesses and pressured a witness to change her statement to protect a fellow officer who struck and killed pedestrians stated a valid denial-of-access claim).

  Moreover, the officer in Kampfer was granted qualified immunity as his actions were deemed to be "objectively reasonable."  Kampfer, 216 F. Supp. 2d at 9–10.  However, viewing the facts most favorable to DeMeo, an issue of material fact remains as to whether it was objectively reasonable for Reyner to threaten to arrest citizens, who had witnessed the incident in question and made comments characterizing Kean's actions as police brutality, if they did not immediately leave the area.

  In sum, plaintiff clearly alleged that Reyner deprived him of, and conspired to deprive him of, due process.  When Reyner moved for summary judgment he was well-aware that the factual allegations related to these claims included, at least in part, his

dispersal of potential eyewitnesses. There is thus no manifest injustice because Reyner had an opportunity to respond to these allegations and did in fact attempt to explain them away.

Accordingly, the motion to reconsider will be denied as it relates to the witness dispersal claim.

### B. Destruction of Evidence Claim

Reyner makes a similar argument regarding the denial-of-access claim relating to his alleged role in the destruction of video evidence. Specifically, he again maintains that the "addition" of this claim amounts to manifest injustice because he has not been afforded an opportunity to defend against it. This assertion is equally unpersuasive as the record indicates that he had sufficient notice by the summary judgment stage of litigation that the due process claim involved allegations that he tampered with the videos. Indeed, Reyner and Kean's memorandum of law in support of partial summary judgment contains an entire section detailing why they are entitled to summary judgment on this very claim. Moreover, Reyner's counsel had ample opportunity to question numerous witnesses about the destruction of the video evidence during the depositions. Reyner himself was questioned at length, in the presence of his counsel, on October 21, 2008, regarding the circumstances of his viewings of the video.

In sum, by the time Reyner moved for summary judgment, he was aware that the due process claim against him involved allegations that he altered or destroyed the video evidence in question. As noted in the MDO, Reyner adamantly denies having any part in the destruction of the video and there is admittedly no direct evidence that he personally altered same. However, the record contains sufficient circumstantial evidence that, when

viewed in the light most favorable to plaintiff, creates an issue of material fact as to whether he was involved in the loss of this critical piece of evidence. He had ample opportunity to defend against this claim, which was already addressed and decided in the MDO.

Accordingly, the motion to reconsider will be denied as it relates to the evidence destruction claim.

## IV. CONCLUSION

Defendants Reyner and Kean seek reconsideration of the MDO but do not put forth any new or persuasive arguments. When they filed for partial summary judgment after in-depth discovery, defendants were aware that the due process claim—which was broadly pleaded by plaintiff—incorporated allegations that Reyner denied DeMeo access to the courts by dispersing key eyewitnesses and tampering with critical video evidence. Defendants addressed these claims in their memorandum of law, and the MDO clearly decided them in plaintiff's favor. While this was not the defendants' desired outcome, such does not constitute manifest injustice justifying reconsideration.

Therefore, it is

ORDERED, that

Defendants' motion for reconsideration is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: February 22, 2011
       Utica, New York.